**FILED**

APR 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OMAR DEMETRIOUS PEARSON,    ) | |
|                               ) | |
|      Plaintiff,           ) | |
|                               ) | |
| v.                             ) | Civil Action No. 08-0454 |
|                               ) | |
| UNITED STATES OF AMERICA, *et al.*,   ) | |
|                               ) | |
|      Defendants.         ) | |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's application to proceed *in forma pauperis*, *pro se* complaint, and motion for a preliminary injunction. The Court will grant the application, dismiss the complaint, and deny as moot the motion for injunctive relief.

Plaintiff alleges a conspiracy involving the United States of America, a federal district judge, the Governor of North Carolina, and the company which published the North Carolina General Statutes and criminal procedure manuals. Compl. at 3. According to plaintiff, the publishing company "incorrectly state[s] N.C.G.S. 14-7.1 by substituting the statute's essential elements with elements from habitual felon declaration, causing [plaintiff] to be convicted of violating the habitual felon declaration." *Id.*[1] In addition to other relief, plaintiff demands a recall of the offending editions of the criminal procedure manuals and a declaration that "all

---

[1] "Any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon. For the purpose of this Article, a felony offense is defined as an offense which is a felony under the laws of the State or other sovereign wherein a plea of guilty was entered or a conviction was returned regardless of the sentence actually imposed." N.C. Gen. Stat. § 14 7.1.

convicted N.C. habitual felons [are] actually innocent of violating N.C.G.S. 14-7.1." *Id.* at 4.

Plaintiff already has raised the same claim against the same defendants in another federal district court, and the court dismissed the claim as legally frivolous.[2] *Pearson v. North Carolina*, No. 7:08-cv-00067, 2008 WL 517050, at *1 (W.D.Va. Feb. 25, 2008). The court found that "[plaintiff] fails to allege any facts whatsoever in support of his claim that the statute as it appears in the Lexis publication is different than the statute as enacted by the North Carolina legislature or published in other editions of the North Carolina criminal procedure statutes." *Id.* Under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim and any other claims that could have been submitted to a court. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) .

The Court will dismiss this action with prejudice. An Order consistent with this Memorandum Opinion is issued separately on this date.

Date: 4/18/08

_____
United States District Judge

_____

[2]    Plaintiff's claims against The Hon. James C. Turk, Senior Judge, United States District Court for the Western District of Virginia, are dismissed, and Judge Turk is dismissed as a party to this action. He is protected by absolute judicial immunity and is not subject to a lawsuit for damages arising from any decision rendered in his judicial capacity. *See, e.g., Clark v. Taylor*, 627 F.2d 284, 287 (D.C. Cir. 1980) (per curiam) (citing *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967)) (common law immunity of judges applies to suits under 42 U.S.C. § 1983 alleging deprivation of constitutional rights); *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) (absolute judicial immunity bars *pro se* plaintiff's claims against federal judges stemming from acts taken in their judicial capacities).